UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CARL WALDREP, On Behalf of Himself and All Others Similarly Situated,<br><br>            Plaintiff,<br><br>    v.<br><br>VALUECLICK, INC., JAMES R. ZARLEY, and SAMUEL J. PAISLEY,<br><br>            Defendants. | CASE NO. CV 07-05411 DDP (AJWx)<br><br>The Hon. Dean D. Pregerson<br><br><br>**CLASS ACTION** |

**PRELIMINARY ORDER FOR NOTICE AND HEARING IN CONNECTION WITH SETTLEMENT PROCEEDINGS**

**WHEREAS**, on June 11, 2009, the parties to the above-entitled action (the "Consolidated Action") entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Complaint on the merits and with prejudice; and

**WHEREAS**, the parties have moved, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order preliminarily approving the Settlement in accordance with the terms of the Stipulation and providing for notice to the Class; and

**WHEREAS,** the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation, and finding that substantial and sufficient grounds exist for entering this Order;

**NOW, THEREFORE, IT IS HEREBY ORDERED**, this 29th day of June, 2009 that:

1. The Court, for purposes of this Order, adopts all defined terms set forth in the Stipulation and any accompanying documents.

2. For purposes of Settlement only, pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure, the Court hereby preliminarily certifies a Class consisting of all those who purchased or otherwise acquired the common stock of ValueClick, Inc. ("ValueClick" or the "Company") from June 13, 2005 through and including July 27, 2007 (the "Class Period") and who were damaged thereby (the "Settlement Class"). Excluded from the Settlement Class are the Defendants, any entity in which Defendants or any excluded person has or had a controlling ownership interest, the officers and directors of ValueClick, members of any such excluded person's immediate families, and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party. The Court conditionally certifies Lead Plaintiffs Laborers' International Union of North America National (Industrial) Pension and the LIUNA Staff & Affiliates Pension Fund (collectively, the "LIUNA Funds") as Class Representatives and Lead Plaintiffs' counsel, Barrack, Rodos & Bacine, as Lead Counsel for the Class.

3. The Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all Members of the Class is impracticable; (b) there are questions of law and fact common to each Member of the Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) the Lead Plaintiffs will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Members of

the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for purposes of settlement only, Lead Plaintiffs are certified as the class representatives on behalf of the Class and Lead Counsel previously selected by Lead Plaintiffs and appointed by the Court are hereby appointed as Lead Counsel for the Class.

5.     The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Fairness Hearing described below.

6.     A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on November 9 2009, at 10:00 a.m. to determine:

(a)     whether this Action satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

(b)     whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)     whether the Final Order and Judgment as provided under the Stipulation should be entered, dismissing the Complaint filed herein, on the merits and with prejudice, and to determine whether the release by the Class of the Settled Claims, as set forth in the Stipulation, should be provided to the Released Parties;

      (d)      whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

      (e)      whether Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved; and

      (f)      any other matters as the Court may deem appropriate.

7.      The Court reserves the right to adjourn the Final Approval Hearing, or any adjournment thereof, without any further notice to Class Members other than an announcement at the Final Approval Hearing, or any adjournment thereof, and reserves the right to approve the Settlement with or without modification and with or without further notice of any kind.  The Court further reserves the right to enter its Final Order and Judgment approving the Stipulation and dismissing the Complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

8.      The Court approves the form, substance and requirements of the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") and the Proof of Claim form, annexed hereto as Exhibits 1 and 2 respectively.

9.      Lead Counsel has the authority to enter into the Stipulation of Settlement on behalf of the Class and is authorized to act on behalf of the Members of the Class with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

10. The Court approves the appointment of Heffler, Radetich & Saitta L.L.P. as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, on or before August 10, 2009, to all Class Members who can be identified with reasonable effort, including all persons who were previously mailed the notice of pendency other than those persons who previously requested exclusion from the Class. However, in the event that the confirmatory discovery is not completed in full to the satisfaction of Lead Plaintiffs no later than fourteen (14) days before the date set by the Court for issuance of Notice, the Lead Plaintiffs may make an *ex parte* application to the Court to adjourn the dates for issuance of the Notice and the Final Approval Hearing, and Defendants shall not object to an *ex parte* request to set new dates for Notice and the Final Approval Hearing in order to permit Lead Plaintiffs to satisfactorily complete the confirmatory discovery in good faith. The Claims Administrator shall use reasonable efforts to give notice to Authorized Claimants of the Settlement Class, such as brokerage firms and other persons or entities who purchased ValueClick, Inc. common stock during the Class Period as record owners but not as beneficial owners. Nominee purchasers are directed, within seven (7) days of receipt of their Notice, (a) to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners; or (b) to request additional copies of the Notice and Proof of Claim from the Claims Administrator and within seven (7) days of receipt of the copies of the Notices and Proof of Claim forms from the Claims Administrator to mail the Notice and Proof of Claim to the beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as

directed.  Nominee purchasers who previously provided the Claims Administrator with lists of the names and addresses of the beneficial owners do not need to provide that information again. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notices and Proofs of Claim to beneficial owners. Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.  Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all reasonable Notice and Administration Costs actually incurred.  Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing Notice and processing the submitted claims, and the fees, if any, of the Escrow Agent.

11.     Lead Counsel or their agents are authorized and directed to prepare any tax returns required to be filed for the Escrow Account and to cause any taxes due and owing to be paid from the Escrow Account without further Order of the Court.

12.     The Court approves the form of Publication Notice of the proposed settlement of this Action in substantially the form and content annexed hereto as Exhibit 3 and directs that Lead Counsel shall cause the Publication Notice to be published on three (3) days over *Business Wire* on the tenth, fifteen, and twentieth days (or the first business day after each such date if such day falls on a weekend or holiday) after the mailing of the Notice.  Lead Counsel shall, at or

before the Settlement Fairness Hearing, file with the Court proof of publication of the Publication Notice.

13. The form and content of the Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

14. In order to be entitled to participate in the Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim (the "Proof of Claim"), substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than November 9, 2009. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b) The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely

7

manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation as are specified in the Proof of Claim and Release and as are reasonably available to the Authorized Claimant for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Stipulation.

15.     Class Members shall be bound by all determinations and judgments in this Consolidated Action, whether favorable or unfavorable, unless such persons request exclusion from the Class. The persons and entities who request exclusion from the Class will be excluded from the Class and shall not be entitled to submit any Proof of Claim forms and shall not be entitled to receive any payment out of the Settlement Fund as described in the Stipulation and in the Notice. To request exclusion from the Class, a putative Class member must send a letter by first class mail, postmarked no later than October 9, 2009, to: ValueClick Securities Litigation, Claims Administrator, Post Office Box 150, Philadelphia, PA 19105, and to Lead Counsel, at the following address: Mark R. Rosen, Barrack, Rodos & Bacine, Suite 3300, 2001 Market Street,

Philadelphia, PA 19103.  For a request for exclusion to be valid, the putative Class Member's request for exclusion must include the Class Member's name, current address, and day-time and evening telephone numbers; the dates of all such Class Member's purchases and/or sales of ValueClick common stock during the Class Period; the number of shares purchased and/or sold on each such date; the prices paid and/or received for all such shares on each such date; and a clear and unambiguous statement that such putative Class Member wished to be excluded from the Class.  No further opportunity to request exclusion will be given in this Consolidated Action.  Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Settlement Fund as described in the Stipulation and Notice.

16.     Lead Counsel shall submit their papers in support of final approval of the Settlement, the Plan of Allocation, and the application for attorneys' fees and reimbursement of expenses by no later than 35 days before the Final Approval Hearing, and reply papers, if any, to any objections shall be submitted at least 7 days prior to the Final Approval Hearing.

17.     The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the award of attorneys' fees and reimbursement of expenses only if such comments or objections and any supporting papers are filed in writing with the Clerk of the Court, United States District Court for the Central District of California, Western Division, 312 N. Spring Street, Los Angeles, CA  90012, and copies of all such papers are served, on or before October 9, 2009, upon each of the following:  Mark R. Rosen, Barrack, Rodos & Bacine, Suite 3300, 2001 Market Street, Philadelphia, PA 19103 on behalf of the Lead Plaintiffs and the Class; and Kevin S. Rosen, Gibson, Dunn & Crutcher, LLP, 333 South Grand Avenue, Los Angeles, CA 90071 on behalf of the Defendants.  Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of

Allocation, and/or the request for attorneys' fees are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

18. Any Class Member who does not timely object to the Settlement and/or the Plan of Allocation and/or Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses in the manner prescribed in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, the Judgment to be entered approving the Settlement, the Plan of Allocation or the application by Lead Counsel for an award of attorneys' fees and reimbursement of expenses and by the Class Representative for reimbursement of his reasonable costs and expenses (including lost wages) directly related to his representation of the Class.

19. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No person that is not a Class Member or Lead Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

20. All funds held in the Escrow Account shall be deemed and considered to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further Order of the Court.

21. Pending final determination of whether the Settlement should be approved, the Class Representative and all other Class Members, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against any Released Party.

22. As provided in the Stipulation, Lead Counsel may pay the Claims Administrator the reasonable fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Settlement Fund without further order of the Court.

23. If: (a) the Settlement is terminated by Defendants pursuant to § 8.7 of the Stipulation and in accordance with the Supplemental Agreement; (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and Lead Counsel or Counsel for the Defendants elects to terminate the Settlement as provided in § 8.2 of the Stipulation; or (c) after receiving additional information as provided for in the Stipulation, Lead Counsel on behalf of Lead Plaintiffs are unable to conclude, in the exercise of their discretion, that the Settlement is fair, reasonable and adequate then, in any such event, the Stipulation, including any amendment(s) thereof, and this Preliminary Order shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed immediately before execution of the Stipulation, except for

11

the payment out of the Settlement Fund of expenses actually incurred and properly due and owing in connection with the Settlement, including Notice and Settlement administration.

24. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement, including but not limited to the administration of the Settlement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any person to participate in the distribution of the Settlement Fund.

Dated: Los Angeles, California
      June 30, 2009

_____
Honorable Dean D. Pregerson
United States District Judge