STEPHEN R. BASSER (121590)
BARRACK, RODOS & BACINE
One America Plaza
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
Facsimile: (619) 230-1874

LEONARD BARRACK
DANIEL E. BACINE
MARK R. ROSEN (139506)
CHAD C. CARDER
BARRACK, RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile: (215) 963-0838

Lead Counsel For Lead Plaintiffs and
the Proposed Settlement Class

*15-6*

FILED
CLERK, U.S. DISTRICT COURT
11-25-09
NOV 25 2009
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| CARL WALDREP, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VALUECLICK, INC., JAMES R. ZARLEY, and SAMUEL J. PAISLEY,<br><br>Defendants. | CASE NO. CV 07-5411 DDP (AJWx)<br><br>The Hon. Dean D. Pregerson<br><br><u>CLASS ACTION</u><br><br>[~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION AND AWARDING ATTORNEY'S FEES AND REIMBURSEMENT OF EXPENSES<br><br>DATE: November 9, 2009<br>TIME: 10:00 a.m.<br>CRTM: 3<br>JUDGE: Hon. Dean D. Pregerson<br><br>(TERM DOCKEN NOS. 154 + 151) |

# FINAL ORDER AND JUDGMENT

This matter came before the Court for hearing pursuant to an Order of this Court dated June 30, 2009 (the "Preliminary Approval Order"), on the application of the Settling Parties for approval of the settlement (the "Settlement") set forth in the Stipulation and Agreement of Settlement dated as of June 11, 2009 (the "Stipulation"), and, following a hearing on November 9, 2009 before this Court to consider the applications of the Settling Parties, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED,** that:

1. Unless otherwise indicated, all terms used herein shall have the same meanings as those terms have in the Stipulation.

2. This Court finds that due and adequate notice was given of the Settlement, the Plan of Allocation of the Settlement proceeds, and Plaintiffs' Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses as directed by this Court's Preliminary Approval Order and that the forms and methods for providing such notice to Class Members constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort, and satisfied all of the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable laws.

3. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, only for purposes of effectuating this Settlement, a class consisting of all persons who purchased or otherwise acquired ValueClick, Inc. ("ValueClick") common stock during the period from June 13, 2005 through and

including July 27, 2007 (the "Class" and "Class Period"). Excluded from the Class are the Defendants, any entity in which Defendants or any excluded person has or had a controlling ownership interest, the officers and directors of ValueClick, members of their immediate families, and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party. The Class also excludes those Persons who timely and validly request exclusion from the Class pursuant to the Notice sent to Class Members as provided in this Court's Preliminary Approval Order who are listed in Exhibit A hereto. With respect to the Class, the Court finds that:

(a) the Class meets all of the requirements of Rule 23(a) of the Federal Rules of Civil Procedure because:

  i. Class Members are so numerous that joinder of all members is impracticable;

  ii. there are questions of law and fact common to the Class;

  iii. the claims and defenses of the representative parties are typical of the Class; and

  iv. the representative parties will fairly and adequately protect the interests of the Class.

(b) In addition, the Court finds that the Action satisfies the requirement of Rule 23(b)(3) in that there are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy; and

(c) The Court finds that Laborers' International Union of North America National (Industrial) Pension Fund and LIUNA Staff & Affiliates Pension Fund possess claims that are typical of the claims of Class Members and that they have and will adequately represent the interest of Class Members and

appoints them as the representatives of the Class, and appoints Plaintiffs' Lead Counsel, Barrack, Rodos & Bacine, as counsel for the Class.

5. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, Plaintiffs and each of the Class Members based on: the Settlement resulting from arm's-length negotiations between able and experienced counsel representing the interests of Plaintiffs, the Class Members, and the Defendants; the amount of the recovery for Class Members being within the range of fairness given the strengths and weaknesses of the claims and defenses thereto; the ability of the Defendants to withstand a greater judgment; the risks of non-recovery and/or recovery of a lesser amount than is represented through the Settlement by continued litigation through all pre-trial, trial, post-trial and appellate proceedings; and the recommendation of experienced counsel, and the absence of any objections from any Class Members to the Settlement. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

6. Upon the Effective Date, Plaintiffs and each of the Class Members (except those persons and/or entities identified in Exhibit A attached hereto who have validly and timely requested exclusion from the Class), shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties as provided in the Stipulation, and the Action, including all claims contained therein, are hereby dismissed with prejudice as to Plaintiffs and the other Class Members.

7. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

8. This Court hereby approves the Plan of Allocation as set forth in the Notice, and directs Plaintiffs' Lead Counsel to proceed with the processing of Proofs of Claim and the administration of the Settlement pursuant to the terms of the Plan of Allocation and, upon completion of the claims processing procedure, to present to this Court a proposed final distribution order for the distribution of the Net Settlement Fund to Class Members as provided in the Stipulation and Plan of Allocation.

9. This Court hereby awards Plaintiffs' Lead Counsel attorneys' fees equal to twenty-five (25%) percent of the Settlement Fund (including interest accrued thereon), plus reimbursement of their out-of-pocket expenses in the amount of $167,241.27, with interest to accrue on the fees and expenses at the same rate and for the same periods as the Settlement Fund from the date of this Judgment to the date of actual payment of said attorneys' fees and expenses to Plaintiffs' Lead Counsel as provided in the Stipulation. The Court finds that amount of attorneys' fees awarded herein are fair and reasonable based on: the work performed and costs incurred by Plaintiffs' Lead Counsel; the complexity of the case; the risks undertaken by Plaintiffs' Lead Counsel and the contingent nature of their employment; the quality of the work performed by Plaintiffs' Lead Counsel in this Action and their standing and experience in prosecuting similar class action securities litigation; awards to successful plaintiffs' counsel in other, similar litigation; the benefits achieved for Class Members through the Settlement; and the absence of any objections from any Class Members to either the application for an award of attorneys' fees or reimbursement of expenses to Plaintiffs' Lead Counsel. The Court also finds that the requested reimbursement of expenses is proper as the expenses incurred by Plaintiffs' Lead Counsel,

including the costs of experts, were reasonable and necessary in the prosecution of this Action on behalf of Class Members. The attorneys' fees awarded and expenses reimbursed above shall be paid solely to Plaintiffs' Lead Counsel, as the only counsel representing Plaintiffs and the Class, as provided in the Stipulation.

10. Plaintiffs' Lead Counsel may apply, from time to time, for any fees and/or expenses incurred by them solely in connection with the administration of the Settlement and distribution of the Net Settlement Fund to Class Members.

11. All payments of attorneys' fees and reimbursement of expenses to Plaintiffs' Lead Counsel in the Action shall be made from the Settlement Fund, and the Released Parties shall have no liability or responsibility for the payment of any of Plaintiffs' or Plaintiffs' counsel's attorneys' fees or expenses except as expressly provided in the Stipulation with respect to the cost of Notice and administration of the Settlement.

12. Neither appellate review nor modification of the Plan of Allocation set forth in the Notice or the award to Plaintiffs' Lead Counsel of attorneys' fees and/or reimbursement of expenses shall disturb or affect the final approval of the Settlement as provided in this Judgment and each shall be considered separate for the purposes of appellate review of this Final Judgment.

13. In the event that the Settlement does not become Final in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation and enforcement of any award or distribution from the Settlement Fund; (b) disposition of the

Settlement Fund; (c) determining applications for payment of attorneys' fees and/or expenses incurred by Plaintiffs' Lead Counsel in connection with administration and distribution of the New Settlement Fund, (d) payment of taxes by the Settlement Fund; (e) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation; and (f) any other matters related to finalizing the Settlement and distribution of the proceeds of the Settlement.

IT IS SO ORDERED

Date: __11-25__, 2009

_____
Honorable Dean D. Pregerson
United States District Judge